## BATH v. VALDEZ and Others.

### No. 9938; June 29, 1885.

7 Pac. 487.

**Adverse Possession—Evidence.—On a Review of the Evidence,** Held, that the plaintiff had not acquired title by adverse possession to the whole of the premises in dispute, and judgment affirmed.

APPEAL from Superior Court of the County of Los Angeles.

Brunson, Graves & Chapman for appellant; Bicknell & White, G. M. Holton, Howard & Roberts and H. A. Barclay for respondents.

MYRICK, J.—Action to quiet title. The court below decreed that plaintiff was the owner of an undivided one-half of the premises, and that certain of the defendants were the owners of the other undivided one-half—one-twelfth each; and that plaintiff had not acquired the interest of the defendants by adverse possession. We are of opinion that the findings are supported by evidence; therefore, we look to the findings and the conclusions of law and decree to determine if any error was committed by the court in making the decree.

In 1862 Julian Valdez had title to the premises as the common property of himself and his wife, Manuela. In 1863 Julian Valdez died intestate, leaving him surviving Manuela, his widow, and his mother, and several brothers and sisters, as his heirs. In April of that year the widow obtained letters of administration. In 1865 Manuela intermarried with one Chavez, and thereafter, in the same year, she and her then husband executed a deed of the premises to one Peppers, by which they remised, released and quitclaimed "all that lot," describing a tract including the premises in controversy. Under this deed Peppers took and retained possession until, in July, 1872, she executed a grant, bargain and sale deed to Burrows, and from Burrows the title comes, by mesne conveyance of grant, bargain and sale, to plaintiff. Plaintiff's grantors were respectively in the undisturbed possession of the premises during the periods while they had title; they placed improvements on the property, received the rents, and had the entire enjoyment thereof. Plaintiff purchased in January, 1882, and this suit was commenced in October, 1882. The court also found:

"That the said plaintiff, his grantors, ancestors and predecessors, from the 4th of October, 1865, have received all the rents, issues and profits of the premises, paid all taxes that have been imposed thereon, and occupied the same, and that neither the said plaintiff nor his grantors or ancestors or predecessors, or any of them, ever gave any notice, actual or other-

wise, to the defendants, or any of them, that he or they or any of them intended to or did or were claiming and holding the said premises or any part thereof, adverse to the said Jose E., Brigido, Vincente, Juan, Felipe, and Maria de Los Angeles Valdez and Guadalupe V. de Rocha or either or any of them; nor was the said plaintiff, or the said Burrows or Roques or the said Dassaud, or the said Goodwin, or any or either of them, ever heard to make or assert any claim to the land in controversy adverse to the said defendants Valdez or Rocha, or any of them, or under whom they claim, prior to the commencement of this action.''

From the marriage of the widow of Julian Valdez, in 1865, until 1882, nothing was done in the administration of the Valdez estate; but in 1882 Brigido Valdez, one of the brothers of the deceased, obtained letters, and such proceedings were had that in 1883, after the commencement of this action, distribution of the property was made by the superior court, sitting in probate—one-half to Burrows, grantee of Manuela, and the other half to brothers and sisters of the deceased, one-twelfth each; the mother and one brother having died in the meantime.

The court below based its decree on two propositions, viz.: First, the plaintiff had not acquired the property, as against the heirs of Julian Valdez, by virtue of the statute of limitations, and, second, he was estopped by the decree of distribution in probate from asserting that the Valdez heirs had no title.

The first proposition alone is sufficient for the decision of this case. The widow of Julian Valdez, owning the undivided one-half of the property as survivor of the community, executed a quitclaim deed. Her grantee entered under that deed, and although that grantee and her successors in interest down to plaintiff have been in possession enjoying the property (the later holders believing that they owned it entire), yet they never ''gave any notice, actual or otherwise, to the defendants, or any of them, that he or they, or any of them [plaintiff and his predecessors], intended to or did, or were claiming and holding the said premises, or any part thereof, adverse to the said Valdez heirs.'' With such facts it cannot be successfully asserted that the possession of plaintiff and his

grantors was adverse to such heirs.    This case is quite different from Unger v. Mooney, 63 Cal. 586.

We have examined the various points presented by appellant, and find no material error in any matter affecting the judgment.

Judgment and order affirmed.

[We concur: Sharpstein, J.; Thornton, J.